Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001105
27-FEB-2019
09:34 AM

NO. CAAP-14-0001105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES MCDANIEL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0755(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant James McDaniel (McDaniel) appeals from the June 18, 2014 Judgment of Conviction and Probation Sentence (Judgment) entered by the Circuit Court of the Second Circuit (Circuit Court).[1] After a plea of no contest, the Circuit Court convicted McDaniel of one count of Theft in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-831[2] (2014). McDaniel was sentenced to four years probation with the special terms and conditions that he, *inter alia*, serve one day of imprisonment, pay $2,867.18 in restitution, refrain from alcohol and drug use, submit to drug and alcohol testing and assessment, and perform 200 hours of community service.

---

[1]     The Honorable Rhonda I.L. Loo presided.

[2]     HRS § 708-831 then provided, in relevant part, **"Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits theft: (a) Of property from the person of another; (b) Of property or services the value of which exceeds $300[.]"

On appeal, McDaniel contends: (1) the Circuit Court affirmatively misled him as to the availability of a deferred acceptance of no contest (DANC) plea; (2) he received ineffective assistance of trial counsel; and (3) the Circuit Court erred by imposing discretionary probation conditions regarding drug and alcohol use without a factual basis.[3] McDaniel asserts trial counsel was ineffective for failing to: (a) explain the evidence and charges against him; (b) to investigate witnesses; (c) file a post-sentencing motion to withdraw his plea; and (d) timely file a notice of appeal.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve McDaniel's points on appeal as follows:

## I.

1.    McDaniel's core claim in points of error one and two is that he could not have knowingly, voluntarily, and intelligently entered a no contest plea seeking deferment because he was statutorily ineligible for deferred acceptance of his plea.    McDaniel argues the Circuit Court affirmatively misled him as to his statutory eligibility for the DANC plea.

McDaniel asserts that he was statutorily ineligible for a DANC plea under either HRS § 853-4(a)(6) and/or (8)[4] (2014) due

---

[3]    McDaniel's points of error have been restyled for clarity and reordered chronologically.  McDaniel's first and fourth points of error regarding ineffective assistance of trial counsel have been combined.

[4]    HRS § 853-4 provides, in relevant parts:

(a) This chapter shall not apply when:

.  .  .  .

(6)    The defendant has been convicted of any offense defined as a felony by the Hawaii Penal Code or has been convicted for any conduct that if perpetrated in this State would be punishable as a felony;

.  .  .  .

(continued...)

2

to a prior felony conviction in California. The State disagrees, asserting without argument that the crime identified as a felony in the presentencing investigation report (PSI) "does not in fact reflect a felony conviction." Nevertheless, the PSI, based on information purportedly taken from the National Crime Information Center, represents that McDaniel was convicted of a felony in California and the parties point to no other evidence in the record to the contrary. A person is ineligible for a DANC plea under HRS § 853-4(a)(8) where the person has "a prior conviction for a felony committed in any state[.]" Therefore, McDaniel was not eligible for a DANC plea.

McDaniel asserts the Circuit Court misled him as to the availability of a DANC plea based on its conduct at sentencing. We disagree. Even if we were to interpret the Circuit Court's ruling at sentencing in this fashion, it could not have influenced the prior entry of McDaniel's no contest plea.[5]

2. McDaniel asserts ineffective assistance of counsel for trial counsel's failure to seek a post-sentencing withdrawal of plea pursuant to Hawai'i Rules of Penal Procedure (HRPP)

---

[4](...continued)
> (8)    The defendant has a prior conviction for a
> felony committed in any state, federal, or
> foreign jurisdiction[.]

[5]    In any event, we disagree with McDaniel's interpretation of the Circuit Court's decision at sentencing as evidence the court determined he was ineligible for a DANC plea. The Circuit Court stated:

> It appears to the Court that Defendant is likely again to
> engage in a criminal course of conduct, and that the ends of
> justice and welfare of society do require that the Defendant
> shall presently suffer the penalty imposed by law.
>
> And that would include telling the probation officer
> that you have, basically, only a speeding ticket on the
> mainland, but it turns out you had petty theft, theft, and
> possession of dangerous weapons and forgery convictions,
> which you obviously knew about and didn't tell her about.
> One of the many reasons why I'm denying your request for a
> deferral, but I'm granting probation.

Rather than a ruling that McDaniel was ineligible for a DANC, it appears the court believed it was within its power to grant a DANC plea but decided not to grant the motion because McDaniel was insufficiently candid with the probation officer.

3

Rule 32(d)[6] when it became clear McDaniel was ineligible for a DANC plea.

> The Hawai'i Supreme Court has held:
>
> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (citations, footnote, and quotation marks omitted).

McDaniel's counsel may have erred by not taking steps to file an HRPP Rule 32(d) motion to withdraw his no contest plea once it became clear, when he received the PSI revealing McDaniel's prior felony conviction, that McDaniel was not eligible for a DANC plea. The PSI was signed and completed on June 10, 2014, and served on trial counsel. During sentencing, on June 18, 2014, trial counsel specifically stated, "We've reviewed the PSI." It was incumbent on trial counsel to conduct a careful factual and legal investigation to develop a predicate upon which informed decisions could be made. See State v. Aplaca, 74 Haw. 54, 70-71, 837 P.2d 1298, 1307 (1992) (regarding adequate investigation necessary to inform counsel's decision to call certain witnesses). Thus, McDaniel's counsel's failure to recognize, factually and/or legally, McDaniel's ineligibility for

---

[6] HRPP Rule 32(d) provides:

**Withdrawal of Plea.** A motion to withdraw a plea of guilty or of nolo contendere may be made before sentence is imposed or imposition of sentence is suspended; provided that, to correct manifest injustice the court, upon a party's motion submitted no later than ten (10) days after imposition of sentence, shall set aside the judgment of conviction and permit the defendant to withdraw the plea.

a DANC plea was an error or omission reflecting a lack of skill, judgment, or diligence.

The second issue is whether McDaniel has demonstrated potential prejudice resulting from the error or omission. Wakisaka, 102 Hawai'i at 513-14, 78 P.3d at 326-27. An HRPP Rule 32(d) motion should be made "to correct manifest injustice[.]" "Manifest injustice occurs when a defendant makes a plea involuntarily or without knowledge of the direct consequence of the plea." State v. Nguyen, 81 Hawai'i 279, 292, 916 P.2d 689, 702 (1996). In Kimsel, this court held manifest injustice occurs where a defendant enters a no contest plea after being misinformed by the court that he is eligible for a deferred acceptance of that plea. State v. Kimsel, 109 Hawai'i 50, 58, 122 P.3d 1148, 1156 (App. 2005). The same logic should apply to trial counsel's advice given prior to that plea.

However, as the effectiveness of McDaniel's trial counsel is being raised for the first time on appeal, the record does not reveal what steps trial counsel took to determine McDaniel's criminal record prior to advising McDaniel regarding any plea negotiations nor does McDaniel specifically assert that trial counsel failed to inform him of the direct consequences of his no contest plea. The record does support the notion that trial counsel knew or should have known of McDaniel's felony conviction, and consequent ineligibility for a deferral, no later than at sentencing, by which time he had reviewed the PSI. Again, McDaniel does not specifically assert what effect this knowledge would have had on his decision to enter a no contest plea. Nevertheless, there is a colorable argument that manifest injustice occurred as a result of trial counsel's ignorance of McDaniel's prior record and its effect on his decision to accept the government's offer of a plea agreement and to enter a no contest plea.[7] Therefore, on remand, McDaniel will be allowed to

_____

[7]     Similarly, the record is inadequate to review McDaniel's other allegations in support of his ineffective assistance of trial counsel claim.

fully develop the factual basis for his ineffective assistance of counsel claim through a petition under HRPP Rule 40.

3. McDaniel also challenges the Circuit Court's imposition of bans on alcohol and drug use as special terms of his probation as, he argues, there was no factual basis for these restrictions. The State agrees that the Circuit Court did not have a sufficient factual basis for imposing discretionary conditions J, K, and L,[8] McDaniel's sentence should be vacated, and the case should be remanded for re-sentencing. We review the record to determine if the State's concession is well-founded. Territory v. Kogami, 37 Haw. 174, 175 (Terr. 1945) (while a prosecutor's confession of error is "entitled to great weight," before a conviction is reversed, "it is incumbent upon the appellate court to ascertain first that the confession of error is supported by the record and well-founded in law and to determine that such error is properly preserved and prejudicial").

In Kahawai, the Hawai'i Supreme Court stated,

> We hold that a sentencing court may not impose discretionary conditions of probation pursuant to Hawai'i Revised Statutes (HRS) § 706-624(2) (1993) unless there is a factual basis in the record indicating that such conditions "are reasonably related to the factors set forth in [HRS §] 706-606" and insofar as such "conditions involve only deprivations of

---

[8] The conditions at issue provide:

J. You must not possess, use or consume any alcohol, unprescribed or illegal drug including medical marijuana unless specifically authorized to use medical marijuana by written order of the court, nor possess any drug-related paraphernalia or be in the presence of anyone using any illegal drugs/medical marijuana/alcohol/drug related paraphernalia.

K. You must submit to urinalysis and other drug/alcohol testing protocol (by hair, urine, blood, breath or other appropriate testing methods) at your own expense as directed by your probation officer[.]

L. You must submit to drug/alcohol assessment at your own expense as directed by your probation officer. If deemed necessary, obtain and maintain substance abuse treatment as directed by or at the discretion of your probation officer until clinically discharged with the concurrence of your probation officer. You shall be responsible for payment of such treatment.

> liberty or property[,]" that they "are reasonably necessary for the purposes indicated in [HRS §] 706-606(2)[.]" HRS § 706-624(2).

State v. Kahawai, 103 Hawaiʻi 462, 462-63, 83 P.3d 725, 725-26 (2004).

Here, McDaniel was convicted of Theft in the Second Degree in violation of HRS § 708-831(1)(b). Like in Kahawai, there were no allegations that McDaniel had problems with drugs in relation to this case. Additionally, McDaniel's PSI made no mention of drug or alcohol use by McDaniel in relation to the case. Moreover, no request was made by the prosecutor to impose these conditions.

Therefore, we conclude the State's concession is well-founded.

## II

For the foregoing reasons, we affirm the June 18, 2014 Judgment of Conviction without prejudice to the filing of an HRPP Rule 40 petition on the basis of ineffective assistance of counsel and vacate the Probation Sentence entered by the Circuit Court of the Second Circuit and remand for resentencing.

DATED: Honolulu, Hawaiʻi, February 27, 2019.

On the briefs:

Matthew S. Kohm,
for Defendant-Appellant.

Presiding Judge

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Associate Judge

Associate Judge